UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| A.J. AMER AGENCY, INC., :<br>      Plaintiff, : | |
| : | |
| v. : | C.A. No. 12-351S |
| : | |
| ASTONISH RESULTS, LLC, :<br>      Defendant. : | |

### REPORT AND RECOMMENDATION[1]

Patricia A. Sullivan, United States Magistrate Judge

    This matter is before the Court for report and recommendation on Plaintiff's Motion to Strike Defendant's Untimely Counterclaims and Affirmative Defenses. ECF No. 24. The Motion challenges Defendant's new counterclaims and affirmative defenses in its Answer to First Amended Complaint ("Amended Answer") (ECF No. 21) that were added without leave of court after Plaintiff was granted leave to amend its Complaint.[2] No hearing is necessary on the Motion.

    The Court declines Plaintiff's invitation to strike Defendant's Amended Answer because the Amended Complaint changed the theory and scope of the case. Even assuming Defendant

---

[1] In an aside not pertinent to this Motion, the Court notes that proceedings in related cases, now dismissed due to the discovery of the lack of diversity jurisdiction, have raised the question in this case whether Plaintiff and Defendant have focused on the need to analyze whether any member of Astonish is a citizen of the same state as Plaintiff or whether any member is "stateless." D.B. Zwirn v. Mehrota, 661 F.3d 124, 126 (1st Cir. 2011). Therefore, the Court suggests that Defendant confirm to Plaintiff that it has fully investigated the citizenship of its members and that diversity exists (or not). The federal courts are courts of limited jurisdiction and must "monitor their jurisdictional boundaries vigilantly." Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP, 362 F.3d 136, 139 (1st Cir. 2004).

[2] The Motion was referred to this Court for determination. Since the striking of counterclaims and affirmative defenses is dispositive, the Court issues a report and recommendation in lieu of a memorandum and order. See WM Capital Partners, LLC v. BBJ Mortg. Servs., Inc., No. 10-10359, 2010 WL 6428509, at *1 n.1 (E.D. Mich. Oct. 22, 2010) ("Because striking the counterclaims is, in effect, a dismissal of those claims, the Plaintiff's motion is dispositive"); United States v. Davis, 794 F. Supp. 67, 68 (D.R.I. 1992) ("An order striking affirmative defenses is dispositive of those defenses.").

was required to seek leave to amend, the Court would grant permission. Plaintiff is not prejudiced because it was already on notice of the substance of Defendant's new counterclaims since they appeared as affirmative defenses in Defendant's original Answer. Defendant did not unduly delay because it timely added the new counterclaims and affirmative defenses after Plaintiff filed its Amended Complaint. The Court recently extended the deadline for fact discovery and ample time exists to take any supplemental discovery that may be required. Accordingly, I recommend that Plaintiff's Motion to Strike (ECF No. 24) be DENIED.

**I.      Background**

Plaintiff A.J. Amer Agency, Inc. ("Amer"), brought suit in May 2012 arising out of a Marketing Agreement between the parties that requires Astonish to supply a website, digital marketing, training and consulting services. Astonish's original Answer contained six affirmative defenses and no counterclaims. The Second, Third and Fourth Affirmative Defenses alleged that Amer failed to utilize Astonish's training and technical support to assist in using Astonish's services and failed to work with Astonish on implementing and utilizing the digital marketing system. Astonish's Fifth Affirmative Defense alleged that Amer had the opportunity to review and examine Astonish's services before it signed the Marketing Agreement and it knew what it was purchasing.

After several months of discovery, on October 31, 2012, Amer moved to amend its Complaint to "refine and supplement its causes of action and factual allegations in light of Plaintiff's ongoing investigation, and in light of the deposition testimony of Defendant's employees during the last week of September, 2012." ECF No. 12-1 at 1. By the Court's count, the Amended Complaint contains at least thirty-four new allegations. Some of the allegations in the Amended Complaint are at odds with the original Complaint; for example, the Complaint

says Astonish "never intended to partner with [Amer]," ECF No. 1 ¶ 13, while the Amended Complaint alleges the Marketing Agreement "references that [Amer] and Defendant would be 'partners'." ECF No. 12-2 ¶ 14. The Amended Complaint also contains new counts for rescission and declaratory relief and a host of new legal theories aimed at voiding or changing the substance of the Marketing Agreement, including vagueness, ambiguity, violation of public policy, contract of adhesion, no meeting of the minds, mutual mistake, unilateral mistake and inadequate consideration.

Astonish did not object to the proposed amendment but asked for leave to reopen a Rule 30(b)(6) deposition and to propound ten additional interrogatories in light of the significance of the changes to the Complaint. On December 12, 2012, this Court granted Plaintiff's Motion to Amend Complaint and allowed Astonish to take supplemental discovery. ECF No. 16. The Court observed in its Order granting Plaintiff's Motion to Amend that Plaintiff was proposing to amend its pleading extensively and the new Amended Complaint would be substantially different from the original. ECF No. 16.

The substantially revised Amended Complaint was filed on January 3, 2013. ECF No. 17. Without filing a motion for leave under Rule 15, Astonish filed a timely Amended Answer that contains six new affirmative defenses, including that Plaintiff did not act in good faith, Plaintiff failed to allege fraud with particularity, Plaintiff did not rely on Defendant's alleged misrepresentations, its claims constitute an abuse of process and are barred by the integration clause in the Marketing Agreement and Plaintiff's demand for a jury trial is barred by a provision in the Marketing Agreement that waived the right to jury trial. ECF No. 21 at 8-9. The Amended Answer also contains two new counterclaims for breach of contract and breach of the

implied covenant of good faith and fair dealing based on Amer's alleged failure to devote efforts to assist Astonish in the implementation of the Marketing Agreement. ECF No. 21 ¶¶ 3-16.

Plaintiff filed an Answer to Astonish's Counterclaims on January 30, 2013 – one day after it filed this Motion to Strike asserting that leave of court is required – that included twenty affirmative defenses, including a few that raise new legal theories, such as that Plaintiff entered into the Marketing Agreement under duress and the Agreement is unenforceable under the doctrine of frustration of purposes. ECF No. 25 ¶¶ 26, 35.

**II.    Legal Analysis**

Plaintiff's Motion urges the Court to strike Astonish's affirmative defenses and counterclaims because they were filed without leave of court pursuant to Rule 15(a). The Court views the Motion with circumspection because the striking of defenses is a drastic remedy disfavored in practice and rarely a proper use of the Court's discretion. See Boreri v. Fiat S.P.A., 763 F.2d 17, 23 (1st Cir. 1985); Ashey v. Lily Transp. Corp., No. CIV. 01-57BS, 2001 WL 705804, at *1 (D. Me. June 18, 2001).

Plaintiff anchors its Motion in Regions Bank v. Commonwealth Land Title Insurance Co., a Florida case holding that non-substantive amendments to complaints do not create an unlimited opportunity to plead new counterclaims and affirmative defenses without leave of court. No. 11-23257-CIV, 2012 WL 5410948, at *3-5 (S.D. Fla. Nov. 6, 2012). In Regions Bank, the plaintiff amended the complaint solely to correct an error in the date of two insurance policy endorsements. Id. at *1. The defendant responded by adding two new affirmative defenses, which the court struck because they had nothing to do with the plaintiff's extremely narrow amendment. Id. at *3. In so doing, Regions Bank adopted "the moderate, and most

sensible, view . . . that an amended response may be filed without leave only when the amended complaint changes the theory or scope of the case." Id. at *3 n.1

If Regions Bank's reasoning applies here, Plaintiff's Motion to Strike must be denied. Unlike the technical correction in Regions Bank, Plaintiff's Amended Complaint is a complete do-over of its pleading, so extensive that the Court allowed supplemental discovery to address it. ECF No. 16.  The Amended Complaint injects new facts, including new allegations of sales tactics and oral agreements.  The new allegation that Astonish and Amer were partners is a material change to the scope and theory of the case.  See Acinapura v. Natalizia, PC 1999-2007, 2003 WL 22048717, at *4-6 (R.I. Super. Ct. July 30, 2003) (Thompson, J.) (discussing fact-intensive nature of partnership inquiry based on the totality of the circumstances).  The pleading adds new legal theories aimed at voiding or varying the terms of the Marketing Agreement, which require focus on the meaning of contractual terms and the parties' communications in a way that is different from Plaintiff's original claims because Plaintiff's new theories presuppose the parties never reached an agreement.  In all, this Amended Complaint is a substantial change to the scope and theory of the case.  See, e,g., Rotelli v. Catanzaro, 686 A.2d 91, 95 (R.I. 1996) (extrinsic evidence of parties' intent appropriate when contract is ambiguous).

While the First Circuit has not spoken on the issue, the moderate approach adopted in Regions Bank is consistent with the mode of analysis that is emerging as "predominate" in district courts, including courts within this circuit. Panoceanis Mar., Inc. v. M/V Eula B. Devall, Civil Action No. 11-2739, 2013 WL 264616, *2-3 (E.D. La. Jan. 23, 2013); see, e.g., Refuse Fuels, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 139 F.R.D. 576, 578 (D. Mass. 1991) (defendant not required to seek leave of court to assert new affirmative defenses or counterclaims when plaintiff's amended pleading changes theory or scope of case); 3 James Wm. Moore et al.,

Moore's Federal Practice ¶ 15.17[6] (3d ed. 2012) (collecting cases). The moderate approach rejects both the extreme view that any amendment, however *de minimis*, opens the door to any responsive pleading however expansive, and the extreme view that an amendment opens the way for new matter in the answer that is narrowly tailored to respond to the specific new matter in the complaint. Panoceanis Mar., Inc., 2013 WL 264616, *2-3 (describing various approaches and holding moderate is preferred); Adobe Sys. Inc. v. Coffee Cup Partners, Inc., No. C 11-2243 CW, 2012 WL 3877783, at *6 (N.D. Cal. Sept. 6, 2012) (discussing approaches and finding moderate most equitable and manageable). While older cases have taken the view that a defendant may not add counterclaims as of right, even when the plaintiff's amended complaint expands the scope or theory of the case, I do not find them persuasive. See 3 Moore's Federal Practice ¶ 15.17[6] (collecting cases).

Accordingly, I recommend that this Court adopt the view that defendants can file new counterclaims and affirmative defenses without leave of court when a plaintiff's amended pleading changes the theory or scope of the case. Regions Bank, 2012 WL 5410948, at *3 n.1; Adobe Sys., 2012 WL 3877783, at *6. Here, where Plaintiff's radically altered Amended Complaint opened the door, the Court deems it permissible for Astonish to walk through with a new Answer dressed up with whatever affirmative defenses and counterclaims it deems appropriate. See Fed. R. Civ. P. 1 (courts should construe the federal rules to secure the just determination of disputes).

Nevertheless, because the issue is not free from doubt with no definitive guidance from the First Circuit, I recommend in the alternative that, assuming Astonish was required to file a Rule 15(a) motion to add new counterclaims and affirmative defenses, the Court should grant the motion nunc pro tunc. See Refuse Fuels, Inc., 139 F.R.D. at 579 (granting leave nunc pro tunc to

file new counterclaims and defenses even if defendants were not entitled to assert them as of right). This recommendation is based on my finding that the factors set out in Rule 15 weigh in favor of permitting an amendment in this instance. Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962) (amendment freely given when justice so requires, unless countervailing factors exist such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party or futility of amendment).

The Court sees no undue delay in the timing of Defendant's new affirmative defenses and counterclaims. Both parties had learned of additional facts in discovery that warranted their respective amendments. Plaintiff moved to amend the Complaint on October 31, 2012, and Defendant timely answered. Most importantly, Plaintiff suffers no discernible prejudice from the addition of Astonish's new affirmative defenses and counterclaims. Plaintiff itself contends that Defendant's original affirmative defenses contain allegations that are "virtually the same as those made in Defendant's untimely Counterclaims," in that both are based on Amer's alleged failure to devote efforts to assist Astonish in the implementation of the Marketing Agreement. Plaintiff thus has had an opportunity to explore them in discovery. Moreover, to the extent additional discovery may be warranted on the new affirmative defenses and counterclaims, Plaintiff has ample time to complete it because the Court recently extended the close of fact discovery to April 12, 2013.[3]

---

[3] Plaintiff peppers this soup with a request for attorney's fees in connection with taking additional discovery. When Plaintiff sought leave to amend its Complaint, the Court allowed Defendant to take additional discovery over Plaintiff's vigorous objection but did not award costs or attorney's fees. What is good for the goose is good for the gander: Plaintiff may take supplemental discovery associated with Defendant's new affirmative defenses and counterclaims, but the Court declines the invitation to award costs and attorney's fees to Plaintiff. Cf. Liberty Bay Credit Union v. Open Solutions, Inc., Civil Action No. 11-10189-RGS, 2012 WL 5873683, at *8 n.14 (D. Mass. Nov. 21, 2012) (dismissing reciprocal claim based on "the well-established legal principle that what is good for the gander is good for the goose.").

Plaintiff separately seeks to strike the new counterclaims because they are compulsory and Defendant's failure to assert them in response to the original complaint should bar it from ever asserting them. This Court declines to take such a narrow and clumsy approach to the management of this case. "The command of Fed. R. Civ. P. 15(a) that leave to amend "shall be freely given when justice so requires . . .' is consistent with a broad policy underlying the Federal Rules of Civil Procedure that in most instances disputes should be decided on their merits." Weber v. Sanborn, 526 F. Supp. 2d 135, 140 (D. Mass. 2007). Striking Defendant's counterclaims and affirmative defenses would bar resolution on the merits. The Federal Rules of Civil Procedure should also be construed to secure the speedy and inexpensive determination of disputes. Fed. R. Civ. P. 1. Requiring Defendant to move to amend would result in more expense and burden, not less, and the machinations of this case have already been expensive and slow. See ECF No. 28 (ordering good faith conferral that was obviously lacking after parties fully briefed and argued wide-ranging and contentious discovery motion).

Plaintiff similarly attacks the new affirmative defenses, arguing that they must be stricken because they fail to clear the Twombly/Iqbal plausibility standard. See Air Sunshine, Inc. v. Carl, 663 F.3d 27, 33 (1st Cir. 2011) (pleading has facial plausibility under Twombly/Iqbal when factual content draws a reasonable inference of liability to the misconduct alleged). No court in the First Circuit has squarely extended the Twombly/Iqbal plausibility standard to affirmative defenses. See Hansen v. Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc., 287 F.R.D. 119, 122 (D. Mass. 2012) (rejecting heightened pleading standard for affirmative defenses and discussing cases); InvestmentSignals, LLC v. Irrisoft, Inc., No. 10-cv-600-SM, 2011 WL 3320525, at *2 (D.N.H. Aug. 1, 2011) (rejecting the application of plausibility standard in Iqbal and Twombly and reasoning "[a]n affirmative defense need not be plausible to survive; it must

<hr/>

<hr/>

merely provide fair notice of the issue involved."). District courts elsewhere have conducted a thorough analysis and concluded that Twombly/Iqbal should be limited to complaints to avoid bogging down litigation with premature motions to strike. Falley v. Friends Univ., 787 F. Supp. 2d 1255, 1259 (D. Kan. 2012). Here, there is no need to grapple with this thorny issue: Plaintiff has put no flesh on the bones of its Twombly/Iqbal argument. When a party fails to explain the reasoning, the Court is not obliged to speculate regarding why these affirmative defenses lack plausibility. See United States v. Fiume, No. 11-1971, 2013 WL 646484, at *3 (1st Cir. Feb. 22, 2013) ("Because these allusions are ethereal and unaccompanied by any developed argumentation, we deem them waived.").

### III. Conclusion

Plaintiff's Amended Complaint significantly altered the scope and theory of its case. Astonish is entitled to react to the changes by filing an Amended Answer with new affirmative defenses and counterclaims without seeking leave of court. Even assuming Astonish was required to move to amend its Answer to add new counterclaims and affirmative defenses, the Court would grant the Motion nunc pro tunc and allow Astonish to file the Amended Answer. The Court declines to employ the draconian remedy of barring Astonish from bringing new claims and defenses. I recommend that Plaintiff's Motion to Strike (ECF No. 24) be DENIED.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days after the date of service. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 8, 2013